**Roger M. RUSH et al.**

v.

**MAINE SAVINGS BANK et al.**

Supreme Judicial Court of Maine.

July 14, 1978.

Robert E. Mongue (orally), Kennebunk, for plaintiffs.

Verrill, Dana, Philbrick, Putnam & Williamson by Roger A. Putnam (orally), Portland, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

In February, 1971, appellants Roger and Joyce Rush obtained a loan from appellee Maine Savings Bank. On October 12, 1976, the bank received a written summons from the Internal Revenue Service seeking disclosure of the following information about the mortgage loan agreement between the Rushes and the bank: the original amount due, the current balance due, and the amount of any delinquency. The summons, on I.R.S. Form 2039–A, stated that the bank was required to comply with the I.R.S. request by October 27, 1976. On the day it received the summons, the bank supplied the I.R.S. with the information it had requested. When it supplied the information, the bank sent a letter to the appellants notifying them that the requested information had been divulged to the I.R.S. Appel-

lants brought this civil action for damages for breach of a contractual duty of confidentiality and for tortious invasion of privacy. The Rushes appeal from a Superior Court order granting the bank's cross-motion for summary judgment. We conclude that the Superior Court correctly granted summary judgment for appellee. The bank had no legal duty to resist the I.R.S. summons in this case.

Appellant asserts that there was an implied contractual duty of confidentiality growing out of the mortgage loan agreement. There is authority for the proposition that a duty of confidentiality is inherent in the depositor-bank relationship. *Peterson v. Idaho First National Bank,* 83 Idaho 578, 367 P.2d 284 (1961); *see* 10 Am. Jur.2d *Banks* § 332 (1963). However, we are aware of no cases finding such a duty inherent in the mortgagor-mortgagee relationship. Furthermore, the request for information in this case was typical of routine I.R.S. inquiries which the bank must process in great numbers. Placing a duty on the bank to clear all such requests for information with the mortgagors would impose a substantial burden on the bank. Appellants' complaint does not allege that they bargained specifically for the assumption of such a burden. We hold that there is no implied contractual duty on the part of a mortgagee-bank to delay compliance with an I.R.S. summons, at least when the summons requests ordinary information such as the amount of the original loan, the amount outstanding, and the amount of arrearage. We intimate no opinion concerning the bank's duty when the request is not an I.R.S. summons or when the information relates to matters in which the mortgagor has some reason to expect privacy.

Appellants assert as the second basis for a duty of nondisclosure that disclosure in this case constituted a tortious invasion of privacy. Maine has recently recognized that certain kinds of invasion of privacy may be tortious. *Estate of Berthiaume v. Pratt,* Me., 365 A.2d 792 (1976). As we pointed out in *Berthiaume,* at page 795, four kinds of invasion of privacy have been recognized:

"(1) intrusion upon the plaintiff's physical and mental solitude or seclusion;

(2) public disclosure of private facts;

(3) publicity which places the plaintiff in a false light in the public eye;

(4) appropriation for the defendant's benefit or advantage of the plaintiff's name or likeness."

Plaintiff's complaint does not allege any of these kinds of invasion of privacy. Basically, appellant asserts that appellee disclosed private facts. However, public disclosure is a necessary element of this kind of invasion of privacy. *Peterson v. Idaho First National Bank,* 83 Idaho 578, 367 P.2d 284 (1961); W. Prosser, *Law of Torts* § 117 (4th ed. 1971). The disclosure was alleged to be to the Internal Revenue Service, not the public. Summary judgment was properly granted on the privacy complaint.

The entry is:

Appeal denied.

Judgment affirmed.

NICHOLS, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.